**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-5074**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

TRAVIS MCARTHUR ALDRIDGE,

             Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  John Preston Bailey, Chief District Judge.  (3:08-cr-00036-JPB-DJJ-1)

Submitted:  July 14, 2009              Decided:  July 28, 2009

Before KING and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Brendan S. Leary, Assistant Federal Public Defender, Wheeling, West Virginia, for Appellant. Sharon L. Potter, United States Attorney, Paul T. Camilletti, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Travis McArthur Aldridge[1] pleaded guilty to distribution of cocaine base, in violation of 21 U.S.C. § 841(a) (2006). The district court sentenced Aldridge to 135 months of imprisonment. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising one issue but stating that there are no meritorious issues for appeal. Aldridge filed a pro se supplemental brief raising additional issues.[2] We affirm.

In the Anders brief, counsel questions whether the district court erred in accepting Aldridge's guilty plea. Prior to accepting a guilty plea, a trial court, through colloquy with the defendant, must inform the defendant of, and determine that he understands, the nature of the charges to which the plea is offered, any mandatory minimum penalty, the maximum possible penalty he faces, and the various rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b). The court also must determine whether there is a factual basis for the plea. Id.; United States v. DeFusco, 949 F.2d 114, 120 (4th Cir. 1991). The purpose of the Rule 11 colloquy is to ensure that the plea

---

[1] The Appellant's true name is Jerron Lamont Cephas.

[2] We have considered the claims raised in Aldridge's pro se brief and conclude the claims lack merit.

of guilt is entered into knowingly and voluntarily. See United States v. Vonn, 535 U.S. 55, 58 (2002).

Because Aldridge did not move in the district court to withdraw his guilty plea, any error in the Rule 11 hearing is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). "To establish plain error, [Aldridge] must show that an error occurred, that the error was plain, and that the error affected his substantial rights." United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007). Even if Aldridge satisfies these requirements, "correction of the error remains within our discretion, which we should not exercise . . . unless the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. Our review of the transcript reveals full compliance with the requirements of Rule 11, and we conclude that Aldridge pleaded guilty knowingly and voluntarily.

We have examined the entire record in accordance with the requirements of Anders and have found no meritorious issues for appeal. We therefore affirm the judgment of the district court. This court requires that counsel inform Aldridge, in writing, of the right to petition the Supreme Court of the United States for further review. If Aldridge requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for

3

leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Aldridge.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED